IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL MOLDING CORP., a | ) | |
| Minnesota corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08CV153 |
| v | ) | Honorable Judge Ruben Castillo |
| | ) | Magistrate Judge Susan E. Cox |
| MEADOWORKS, INC., an Illinois | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY PURSUANT TO *COLORADO RIVER* ABSTENTION**

In order to resolve this motion, the Court needs to answer one simple question:

**Should this federal suit proceed when a virtually identical state court
proceeding, between the same parties, involving the same transaction, and
hinging on the same facts has already been filed, answered, and is prepared
to proceed to a trial, which will decide the key issues raised in this case?**

The clear answer is no, and this Court should grant Defendant Meadoworks, Inc.'s motion and

stay this case pursuant to the abstention doctrine recognized by the Supreme Court in *Colorado*

*River Water Conservation District v. U.S.*, 424 U.S. 800 (1976).

## FACTS

Prior to June 20, 2007, Meadoworks listed a certain molding machine for sale.

(Meadoworks v. Federal Molding Corp., state court Complaint, attached hereto as Exhibit A, at

¶2.) On or about June 20, 2007 Plaintiff Federal Molding Corp. offered to purchase the molding

machine for $85,000, and Meadoworks accepted that offer. (Exhibit A at ¶3; Federal Molding

Corp. v. Meadoworks, Inc., federal court Complaint, attached hereto as Exhibit B, at ¶1.)

Pursuant to the purchase agreement between the parties, Federal paid Meadoworks $77,500,

leaving $7,500 to be paid on delivery. (Exhibit A at ¶4; Exhibit B at ¶2.) Meadoworks delivered

1

the molding machine to Federal on July 9, 2007.  (Exhibit A at ¶5; Exhibit B at ¶15.)  Federal, however, rejected the delivery claiming that the molding machine was not as represented and was damaged.  (Exhibit A at ¶6; Exhibit B at ¶¶4, 16, 17, 19, 20; Affidavit of Ed Walsh, attached hereto as Exhibit C, at ¶4.)

On October 12, 2008, Meadoworks filed a complaint in the Circuit Court of Cook County, Municipal Department, First Division (the "State Court Suit").  (Exhibit A at p. 1.)  In the State Court Suit, Meadoworks claims that Federal wrongfully rejected the molding machine and demands payment of the remaining amount due under the purchase agreement as well as incidental charges.  (*See* Exhibit A.)  Federal filed its answer to the State Court Suit on November 19, 2007, denying, among other things, that it wrongfully rejected the molding machine.  (Answer to State Court Suit, attached hereto as Exhibit D.)  The parties are due to appear before the state court on February 21, 2008, at which time Meadoworks believes a trial date will be set.  (Meadoworks' Motion attached hereto as Exhibit E.)

On January 8, 2008, Federal filed the instant suit (the "Federal Court Suit") against Meadoworks claiming, essentially, that it rightfully rejected the molding machine because it did not meet certain representations and warranties allegedly made by Meadoworks.  (*See* Exhibit B at ¶¶4, 16, 17, 19, 20.)  Federal also seeks damages resulting from the alleged breach of contract, breach of warranties, and misrepresentations.  (*Id.* at ¶¶21-52.)  Meadoworks was served with the complaint in the Federal Court Suit on January 23, 2008.  (Return of Service on Meadoworks, attached hereto as Exhibit F.)

## ARGUMENT

*Colorado River* abstention allows a federal court to refuse to hear a case subject to its jurisdiction when there are concurrent state court proceedings pending and "exceptional circumstances" exist.  *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698,

{1391623:3}

700 (7th Cir. 1992).  Abstention is appropriate and favored where staying or dismissing the Federal suit "would promote wise judicial administration."  *Id.*, quoting *Colorado River*, 424 U.S. at 818 (1976).  In order to determine whether *Colorado River* abstention is appropriate, the Court must first determine whether the state action and the federal action are parallel.  *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006); *Caminiti*, 962 F.2d at 700.  If the actions are parallel, the Court is required to consider ten non-exclusive factors to determine if, in its discretion, "exceptional circumstances" exist that make abstention appropriate.  *Tyrer*, 456 F.3d at 751; *Bell v. Bd. Of Trustess of the Harvey Firefighters' Pension Fund*, 2006 WL 1517772, *4 (N.D. Ill. April 5, 2006).[1]  While the preference is for the federal court hear a case properly invoking its jurisdiction, under exceptional circumstances, such as those here where the actions involve the exact same parties, the exact same transaction, the exact same core issues, and the relevant factors weigh heavily in favor of abstention, the Court should abstain under *Colorado River*, and stay the case while the state court proceeding is ongoing.  *See Tyrer*, 456 F.3d at 750-51.

**A.**      **The State Court Suit And The Federal Court Suit Are Parallel.**

Two actions are considered parallel if "*substantially* the same parties are litigating *substantially* the same issues."  *Global Poly Inc. v. Fred's Inc.*, 2004 WL 532844, *2 (N.D. Ill. Mar. 11, 2004) (emphasis in original).  In order to make this determination, the Court "should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues."  *Tyrer*, 456 F.3d at 752.  Here, the parties and the factual and legal issues in both suits are not only substantially the same, but are virtually identical.

---

[1] For the Court's convenience, copies of all unpublished opinions cited herein are attached at Exhibit G in alphabetical order.

{1391623:3}

First, Federal cannot contend that the parties are not identical.  Meadoworks and Federal are the only two parties in both the State Court Suit and the Federal Court Suit.

Second, the two suits involve the "same facts and raise similar factual and legal issues." Both cases center on the same transaction – the offer, purchase and subsequent rejection of the molding machine (*compare* Exhibit A and Exhibit B.) – and will turn on whether, under the facts and applicable law, Federal was allowed to reject, and properly rejected, delivery of the machine. Moreover, the reasons Federal claims support its proper rejection – whether the molding machine was as represented and warranted and whether Federal properly determined that the machine did not work properly – which Federal will undoubtedly raise in the state court suit to disprove Meadoworks' allegation that the rejection was wrongful, are the exact same bases for the various claims Federal makes in the Federal Court Suit.  (*Compare* Exhibit C at ¶4 with Exhibit B at ¶¶16-17.)  Furthermore, the documents that will be at issue (*e.g.,* the purchase agreement, invoice, and the advertisement), the deponents and witnesses (*e.g.,* the people from each company involved in the transaction), and the focus of discovery and trial (*e.g.,* the alleged representations and warranties and the condition of the machine upon delivery) in both cases will be the same.  Thus, the core issues are more than "*substantially* the same," they are virtually identical.

Given that the State Court Suit and the Federal Court Suit are parallel, the first prong of the *Colorado River* abstention test is met.  The Court should therefore examine the relevant factors to determine whether abstention is appropriate under the circumstances.

**B.**      **The Relevant Factors Weigh Heavily In Favor Of Abstention.**

The Seventh Circuit has identified ten factors that the Court is to consider in deciding whether "exceptional circumstances" exist to justify *Colorado River* abstention.  *Tyrer*, 456 F.3d at 754.  Those factors are:

4

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Id.* quoting *Caminiti*, 962 F.2d at 701. No single factor is determinative. *Tyrer*, 456 F.3d at 754.

Rather, the decision depends upon a weighing of the factors under the circumstances of the case.

*Id.* Under the circumstances presented in this case, the majority of the relevant factors weigh

heavily in favor of abstention.

### 1.    The Desirability Of Avoiding Piecemeal Litigation Heavily Favors Abstention.

If this Court does not abstain from this case, piecemeal litigation is a certainty as the

same core issues would be argued before, and decided by, both the state court and this Court. As

the Seventh Circuit has stated:

> Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.

*Id*. at 755, quoting *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). That is

precisely what will happen here.

As noted above, Federal's claims in this case and Meadowworks' claims in the State Court

Suit hinge on the same core issues – namely whether Federal rightfully rejected delivery of the

molding machine based on alleged misrepresentations made by Meadowworks. Moreover,

Federal's previously stated reasons for rejection, which Federal will no doubt raise as the basis

for its proper rejection in defense to Meadowworks' State Court Suit, are the same as Federal's

allegations in the Federal Court Suit. (*Compare* Exhibit C at ¶4 with Exhibit B at ¶¶16-17.)

Therefore, allowing both the State Court Suit and the Federal Court Suit to proceed would

{1391623:3}

require the state court and this Court to examine the advertisement and any other statements made by Meadowworks in its dealings with Federal, the condition of the molding machine upon delivery, Federal's actions when it rejected the molding machine, Federal's reasons for the rejection, and the propriety of Federal's rejection. Furthermore, without abstention, similar pre-trial motions regarding these issues and the evidence each side would seek to present would be made to both courts, and each court might decide such motions differently. This could encourage one side to try to race to judgment to take advantage of beneficial rulings in one case, and potentially create conflicting final judgments. Under such circumstances, abstention is warranted. *Tyrer*, 456 F.3d at 756-57; *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004). Indeed, in *Tyrer* the Seventh Circuit noted that such circumstances – where the federal and state claims were predicated on the same facts, would focus on the same evidence, and would involve the same witnesses – made a district court's fears of piecemeal litigation "well-founded." *Tyrer,* 456 F.3d at 756-57.

Therefore, this factor weighs heavily in favor of abstention.

**2.      The Order In Which Jurisdiction Was Obtained Favors Abstention.**

In this case, the state court obtained jurisdiction over the State Court Suit on October 12, 2007, almost three months before this Court obtained jurisdiction. Thus, this factor weighs in favor of abstention.

**3.      The Source Of Governing Law Favors Abstention.**

At bottom, the Federal Court Suit is a state contract issue. Federal claims that it rightfully rejected the molding machine and that the contract and certain representations and warranties allegedly made by Meadowworks were breached. These are issues governed by Illinois state law and the Illinois Court is very adept at interpreting and applying its own state's law. Moreover, Federal does not make any federal claims in its complaint and admits that the basis

6

for jurisdiction is diversity, not federal question. (Exhibit B at ¶8.) Under these circumstances,

abstention is favorable. *See Global Poly*, 2004 W1 532844 at *4; *U.S. Bank Nat'l Ass'n. v.

*EMC-Lincolnshire, LLC*, 2003 WL 22048097, *7 (N.D. Ill. Aug. 28, 2003) (noting the absence

of a federal question "militates in favor of abstention.")

### 4.    The Adequacy Of The State-Court Action Favors Abstention.

Federal cannot argue that its rights would not be adequately protected in the State Court

Suit. It will have a full opportunity to present its arguments there with all attendant protections

and process. Thus, there is no danger of Federal's rights being prejudiced if the stay is entered.

To the extent Federal is concerned about recovering damages if it prevails on the

rejection issue, those rights are protected as well. Federal can request that the state court allow it

to add a counterclaim seeking its alleged damages. Alternatively, if a stay is entered in this

Court and Federal is eventually entitled to seek its damages, Federal can request to lift the stay

and proceed in this Court, subject to res judicata and collateral estoppel principles.

Therefore, this factor favors abstention.

### 5.    The Relative Progress Of State And Federal Proceedings.

Although the time difference (almost 3 months) between the filing of the State Court Suit

and the Federal Court Suit does not seem that long, the progress in the cases are years apart

given the potentially imminent trial in the State Court Suit. More specifically, the State Court

Suit is at issue, Federal having filed its answer on November 19, and Meadoworks expects that a

trial date will be set on February 21. On the other hand, Meadoworks has not answered the

Federal Court Suit yet, having only been served on January 23, 2008, and only after that would

discovery commence. In short, the State Court Suit is close to its resolution while the Federal

Court Suit has barely even begun. Therefore, this factor favors abstention.

### 6.    The Existence Of Concurrent Jurisdiction Favors Abstention

Both the state court and this Court can exercise jurisdiction over Federal's federal court claims. This factor, therefore, favors abstention. *Clark*, 376 F.3d at 688 ("…the availability of concurrent jurisdiction weigh[s] in favor of a stay . . . .")

**7.      The Availability Of Removal, Or Lack Thereof, Favors Abstention.**

Where an action is not removable, that factor weighs in favor of abstention. *See, e.g., id.*; *Bell*, 2006 WL 1517772 at *5. The reason is that, if a case is removable, then removal, rather than abstention, can be used to avoid the inefficiencies that *Colorado River* abstention seeks to address. *See Global Poly*, 2004 WL 532844 at *4.

Here, the State Court Suit is not removable. The State Court Suit does not involve any federal claims, and the amount in controversy in the State Court Suit is less than the jurisdictional minimum required for diversity jurisdiction. Moreover, even if Federal had the right to remove the State Court Suit, Federal sat on those rights beyond the statutory 30-day time limit, making the case not removable in any event. Thus, this factor favors abstention. *See id.*; *see also Spizzirri v. Mortgage Elec. Registration Sys., Inc.*, 2003 WL 21640468, *3 (N.D. Ill. July 11, 2003) (noting that the plaintiff could have removed the state case but did not do so within the statutory time limit, and finding that lack of removability weighed in favor abstention).

**8.      The Remaining Factors Do Not Weigh Against Abstention.**

The factors of whether the state has assumed jurisdiction over property (factor 1), the inconvenience of the federal forum (factor 2), and the vexatious or contrived nature of the federal claim (factor 10) are either irrelevant in the present case or do not militate against abstention. First, the state court in this case has not exercised control over any property. Second, the federal court and the state court fora in this matter are located very near each other such that neither is

{1391623:3}

more or less convenient. Finally, there is no evidence that Federal has brought its federal claims vexatiously or that those claims are contrived.

Thus, overall, the weight of the relevant factors heavily and clearly favors abstention.

## CONCLUSION

The State Court Suit and the Federal Court Suit involve the exact same parties, the exact same transaction, and the exact same core issues. Indeed, the claims are nothing more than mirror images of each other – the State Court Suit being Meadoworks' position and the Federal Court Suit being Federal's position. Given the need to avoid the piecemeal litigation that would inevitably result from the parallel State Court Suit and Federal Court Suit proceeding, and given that the other relevant factors illustrate that this case presents sufficiently exceptional circumstances, *Colorado River* abstention is appropriate and the Court should stay the present action while the State Court Suit is ongoing.

Respectfully Submitted,
MEADOWORKS, INC.

By:___/s/ Peter T. Berk_____
                One of its attorneys

**ATTORNEYS FOR DEFENDANT**
**MCDONALD HOPKINS LLC**
Richard N. Kessler - 6183140
Peter T. Berk - 6242515
640 North LaSalle Street, Suite 590
Chicago, IL 60610-3731
Ph: 312-280-0111

{1391623:3}