

F:\682-001\Pleadings\Complaint 010808.doc

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KC **FILED**
JAN 0 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL MOLDING CORP., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEADOWORKS, INC., an Illinois Corporation,<br><br>Defendant. | )<br>)<br>)<br>)  **08CV153**<br>)  **JUDGE CASTILLO**<br>)  **MAGISTRATE JUDGE COX**<br>)<br>)  **JURY DEMANDED** |

## COMPLAINT

Plaintiff, Federal Molding Corp. ("Federal"), by its attorney Robert D. Kreisman of Kreisman Law Offices, and for its Complaint against the Defendant, Meadoworks, Inc. ("Meadoworks") states as follows:

### INTRODUCTION

1. On or about June 20, 2007, the parties entered into a contract (attached as Exhibit 1) whereby Meadoworks was to sell one Arburg 630S, Mfg. 2002, Serial No. 188982 injection molding machine in "good working order, loading onto Federal Molding truck included", for the price of $85,000.

2. Federal paid $77,500 to Meadoworks on or before the end of business on June 21, 2007 as required by the parties' contract.

3. On or about June 28, 2007, the Arburg 630S was shipped from the City of Industry, California to Federal in care of its rigger, Quickway at Fridley, MN.

4. Federal refused delivery of the injection molding machine for the reasons set out below.

5. Meadoworks has refused to refund the deposit payment of $77,500 paid by Federal.

**EXHIBIT B**

## PARTIES

6. Federal is a Minnesota corporation with its principal place of business located at 4024 Peavey Road, Chaska, Minnesota.

7. Meadoworks is an Illinois corporation with its principal place of business located at 1401 Louis Avenue, Elk Grove Village, Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332(a) in that the disputes involves a controversy involving citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred with this district.

## FACTS COMMON TO ALL COUNTS

10. Meadoworks is a seller and distributor of injection molding machines.

11. Federal is in the business of manufacturing custom made plastic parts.

12. Prior to the sale contract entered into between the parties, Meadoworks represented that it had available for sale the Arburg 630S Mfg. 2002 188982 injection molding machine (the "subject machine").

13. Meadoworks' representative, Brian Walsh, invited Federal's president and representative, Kevin Fuller, to view the injection molding machine offered for sale on its website, http://meadoworksinc.com. The particular product for sale is pictured and shown, attached hereto as Exhibit 2.

14. The representation of Meadoworks' Brian Walsh, was that the subject machine had less than 10,000 hours of press time, as required by Federal. Further,

2

Meadoworks' Brian Walsh, represented that the subject machine being delivered was the same as that pictured in Exhibit 2.

15. On or about July 9, 2007 (the day of the attempted delivery), Federal's, Kevin Fuller, was present when the truck containing the subject machine was brought to Federal in care of its rigger, Quickway at Fridley, MN. See the Bill of Lading attached as Exhibit 3.

16. Federal inspected the injection molding machine on the delivery truck. Federal's Kevin Fuller believed that the injection molding machine on the delivery truck was a different machine than Exhibit 2. Furthermore, it was apparent that hydraulic fluid was still in the injection molding machine. Contrary to representations made by Meadoworks, the machine's screw and barrel were corroded and damaged.

17. The injection molding machine on board the delivery truck was also defective in that doors were cracked; dirt and grime had accumulated on the electronics of the injection molding machine and the injection molding machine was being represented as clean and flawless, when it was not.

18. Federal paid the deposit as required by the contract, $77,500, on or before the end of business on June 21, 2007. Contrary to the aforesaid representations and contractual terms, the injection molding machine that was attempted to be delivered to plaintiff on July 9, 2007 was not the same machine as represented by the Meadoworks in its website on or about June 20, 2007.

19. In breach of the Meadoworks' representations and terms of the parties' agreement, the injection molding machine that was attempted to be delivered to Federal on or about July 9, 2007 was inferior, was damaged, had well over 10,000 work hours,

3

its screw and barrel were corroded and damaged by use with polyvinyl chloride (PVC) and its electrical component units were dirty and/or damaged.

20. On the date of the attempted delivery, Federal's representative, Kevin Fuller, having inspected the injection molding machine on the delivery truck rejected it as being inferior, damaged or not the same machine as contemplated by the parties' contract.

## COUNT I

### (Breach of Contract)

21. Federal realleges the above paragraphs.

22. Federal has performed obligations under the contract.

23. Meadoworks is in material breach of the terms of its contract with Federal.

24. As a direct result of Meadoworks' breach of the aforementioned contract and representations, Federal has been damaged by: the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred.

## COUNT II

### (Breach of Express Warranty)

25. Federal realleges the above paragraphs.

4

26. Meadoworks has breached the express representations, statements and warranty that it gave to Federal that the subject machine was in good working order, had less than 10,000 press hours, and was free from damage, corrosion.

27. As a direct result of Meadoworks' breach of its express warranty, Federal has been damaged by: the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

28. Federal realleges the above paragraphs.

29. Meadoworks' sale of the subject machine, the defective condition described above, was a breach of Meadoworks' implied warranty of merchantability.

30. As a direct result of Meadoworks' breach of the warranty of merchantability, Federal has been damaged by: the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred.

## COUNT IV

### (Breach of Implied Warranty of Fitness for Particular Purpose)

31. Federal realleges the above paragraphs.

32. Meadoworks knew the particular purpose for which the subject machine was to be used by Federal.

33. As a direct result of Meadoworks' breach of the warranty of fitness for a particular purpose, Federal has been damaged by: the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred.

## COUNT V

### (Fraudulent Misrepresentation Asserted by Federal)

34. Federal realleges the above paragraphs.

35. Meadoworks made representations of material fact to Federal, as follows:

   a. The machine had less than 10,000 hours of press time;

   b. The machine was as pictured in Exhibit 2, which formed a basis of the bargain;

  c. The machine was in good condition;

  d. The machine was free of major defects;

  e. The screw and barrel of the machine were in good condition; and

  f. The electrical components of the machine were clean and in good working order.

36. Each of the above factual representations by Meadoworks was false when made, and known by Meadoworks to be false.

37. Federal had a right to rely on the representations, and Federal did in fact so rely.

38. The representations made by Meadoworks were for the purpose of inducing Federal to act or refrain from acting.

39. Federal did act and/or refrained from acting in reliance on Meadoworks' false representations.

40. As a result of its reliance, Federal suffered substantial damages, including the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred, plus punitive damages of $500,000.

## COUNT VI

### (Fraudulent Concealment Asserted by Federal Against Meadoworks)

41. Federal realleges the above paragraphs.

42. Meadoworks concealed material facts from Federal under circumstances that required a duty to speak.

43. Meadoworks intended to induce a false belief from Federal.

44. Federal could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and justifiably relied upon Meadoworks' silence as a representation that the fact did not exist.

45. The concealed information was such that Federal would have acted differently had it been aware of it.

46. Federal's reliance on Meadoworks' fraudulent concealment resulted in damages to Federal, including the loss of monies it has paid for the Arburg 630S ($77,500); the inability to fill its customers orders; the inability to accept certain new orders from its current customers; increased labor costs; the cost of outside contractors; the additional waste of product; the loss of good will, all in excess of $500,000.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred, plus punitive damages of $500,000.

## COUNT VII

### (Reimbursement of Expenses Asserted by Federal Against Meadoworks)

47. Federal realleges the above paragraphs.

48. Federal was induced by Meadoworks to invest a substantial amount of resources, labor, time, energy, effort and monies into the anticipated purchase of the Arburg injection molding machine.

49. Federal incurred such expenditures and efforts in good faith.

8

50. Federal did not have sufficient or reasonable opportunity to recoup its investment from its undertakings due to Meadoworks' aforesaid actions.

51. Federal has been wrongfully deprived by Meadoworks for the value of its expenses, time, energy and labor without receiving just compensation.

52. Meadoworks is legally obligated to compensate Federal accordingly.

WHEREFORE, Federal demands judgment in an amount to be proven at trial in excess of $500,000 together with costs, interest and attorney fees so wrongfully incurred.

Respectfully submitted,

Robert D. Kreisman

Kreisman Law Offices
55 West Monroe St., Suite 3720
Chicago, IL 60603
(312) 346-0045
Atty No. 01529269
bob@robertkreisman.com

## ▲▲MEADOWORKS, Inc.

1401 Louis Ave.
Elk Grove Village, IL 60007
847-640-8580 Fax: 847-640-0916

**Invoice No.** 16670

### INVOICE

**Customer**
- Name: Federal Molding Corp
- Address: 4024 Peavey Road
- City: Chaska    State: MN
- Zip: 55318    Country:
- Fax:

- Date: 6/20/2007
- Order No.:
- Rep: Kevin
- FOB:

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 1 | Arburg 630S, Mfg. 2002, Serial Number 188982. Machine to be in good working order. Loading onto Federal Molding truck included. | $85,000.00 | $85,000.00 |
| | Terms: Payment of $77,500.00 due within 24 hours of receipt of invoice. Balance to be paid within 14 days of receipt of machine or 7-18-07 or whichever comes first. | | |
| | Accepted by: _____ | | |

| | | |
|---|---|---|
| | SubTotal | $85,000.00 |
| | Shipping & Handling | |
| Taxes | State | |
| | **TOTAL** | **$85,000.00** |

**Payment Details**
Due Upon Receipt

*Wiring Information - For Express Processing*
American Charter Bank
1199 E. Higgins Rd.
Schaumburg, IL 60173
Account# 1174563
Bank Routing# 071925046
Swift: MARLUS44

X _[signature]_

Office Use Only

*Thank you for your Business.*


EXHIBIT 1

EXHIBIT 2

Meadoworks, Inc. - 2002 Arburg 300 Ton H    Page 1 of 2

http://meadoworksinc.com/en/product.aspx?ID=3930

### We Make Machines Move

| Home | About Us | Contact Us | Español |

PLANT LIQUIDATION SERVICES | ASSET MANAGEMENT SERVICES | SELL YOUR EQUIPMENT

**Plastic Processing Machinery**



\>\>Horizontal Clamp Injection Molding Machinery

2002 Arburg 300 Ton H



1) Click on image above to see larger view

| Plastic Processing Machinery | |
|---|---|
| >> | Blow Molding Machinery |
| >> | Extrusion Machinery |
| >> | Horizontal Clamp Injection Molding Machinery |
| >> | Rotational Molding Machinery |
| >> | Thermoforming Equipment |
| >> | Thermoset Machinery |
| >> | Vertical Clamp Injection Molding Machinery |

**Plastic Auxiliary Machinery**

PLEASE CALL US FOR NATIONWIDE RATE QUOTES   3822Y
Load #

STRAIGHT BILL OF LADING – SHORT FORM – Original – Not Negotiable
CARRIER: KAISER TRANSPORT, INC.

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading.

At _____ Date 6/28 From _____

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery of said destination. If on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any said property over all or any portion of said route to destination and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said Bill of Lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

21 FT  CA 101706  W 6 FT  H 8 FT
                              21 IN   SIN

**KAISER TRANSPORT INC.**

Serving All 48 States    Air-Ride Flatbeds & Drop Decks    LTL, Expedited & Truckloads

Wisconsin Terminal                            Los Angeles Terminal
P.O. Box 468, Janesville, WI 53547            1800 N. Glassell Street, Orange, CA 92867
Ph# 608-752-7271  Fax# 608-758-9153           Ph# 714-282-7078  Fax# 714-282-7088

"Across The Street or Across The Country"

Shipper: Interbath
Address: 665 N. Baldwin Park BLVD
City: City of Industry  State: CA  Zip:
Phone: 818-524-4886

Consignee: Quickway/Federal Molding
Address: 7800 Central Ave
City: Minneapolis  State: MN  Zip: 55432
Phone: 763-784-4295

Delivering Carrier: _____  Truck#: _____  Trailer#: _____

| No of Pkgs | HM | Description of articles, special marks, and exceptions | HAZARD CLASS | Weight (Subject to correction) | Class or Rate | Check Column | Subject to Section 7 of Conditions of applicable bill of lading. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The Carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. |
|---|---|---|---|---|---|---|---|
| 1 | | Machine | | 27,500 lbs | | | |
| | | | | | | | Signature of Consignor |

Note: Shipper and Consignee responsible for loading, unloading and unit piece count. If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."

COD Amount: $2,700.00
Payable To: All Freight

If charges are to be prepaid, write or stamp here, "To Be Prepaid"

Note: Carrier or its agents are not responsible for mechanical or physical condition of above listed as "USED" machinery, or any of its components, picked up and delivered in "AS IS" condition. Carrier is not responsible for concealed damages or individual items packaged in cartons.

RECEIVED IN GOOD ORDER THE ABOVE DESCRIBED PROPERTY

Consignee: _____ Signature Required
Consignee (Print Name): _____ DATE: _____
Pickup Carrier: _____ DATE: _____
Delivering Carrier: _____ DATE: _____
Delivering Carrier (Print Name): _____ Trailer# _____

White Copy: Kaiser's Copy   Yellow Copy: Delivery Carrier   Pink Copy: Consignee   Gold Copy: Shipper's

EXHIBIT 3